In the Matter of the Estate of JOHANN F. HACKFELD, Deceased.

Surrogate's Court, New York County, March 13, 1935.

*Reuben D. Silliman,* for the ancillary executor.

*Paul E. Mead* [*Henry T. Hall* of counsel], for the Irving Trust Company, depository.

DELEHANTY, S.   This is an application by the ancillary executor for an order authorizing the payment of debts and administration expenses.   The depository of the estate funds refuses to honor checks of the ancillary executor because it has received from the Collector of Internal Revenue of the United States a notice of tax lien and notice of levy on the estate funds.   Notice of this application has been duly given to the Collector of Internal Revenue, but there has been no appearance in his behalf.

The law is well established that the assets of this estate, held by the ancillary executor, are in the possession of this court and are not subject to levy to satisfy judgments of other courts and such judgment claims are subject to the administrative jurisdiction of this court.   (*Byers* v. *McAuley,* 149 U. S. 608; *Porter* v. *Sabin,* Id. 473; *Waterman* v. *Canal-Louisiana Bank Co.,* 215 id. 33.)

Section 315 of the United States Revenue Act of 1926, as amended by section 613 (b) of the Revenue Act of 1928 (U. S. Code, tit. 26, § 1115), provides that the lien attaches to the gross estate of the decedent " except that such part of the gross estate as is used for the payment of charges against the estate and expenses of its administration, allowed by any court having jurisdiction thereof shall be divested of such lien." Payment of the items sought to be paid is necessary for the proper administration of the estate, and the payment thereof is approved subject to objection on an accounting by the ancillary executor.

Submit order on notice authorizing the payment of the administration expenses set forth in the petition and directing the depository to honor the checks drawn in payment thereof.